UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Biyamin O,<br><br>          Plaintiff,<br><br>v.<br><br>Leslie Tritten, et al.,<br><br>          Defendant. | Case No. 21-cv-2750 (SRN/HB)<br><br>**Order** |

Caleb Harrison & Kimberly K. Hunter, Kim Hunter Law, 656 Selby Ave, Saint Paul, MN 55104, for Plaintiff.

Andrew Tweeten, United States Attorney's Office, District of Minnesota, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant's Motion to Remand [Doc. No. 6]. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **GRANTS** the motion.

I.    BACKGROUND

The facts in this case are not in dispute. Plaintiff, a lawful permanent resident, filed an N-400 application for naturalization on or about September 16, 2016. (Compl. Ex., Biyamin Aff. [Doc. No. 1-1] at ¶ 1-2.) On April 16, 2018, he was interviewed by the United States Citizenship and Immigration Services ("USCIS"). (*Id.* at ¶ 2.) On September 11, 2018, USCIS denied his application, finding him ineligible for naturalization because he was on probation. (*Id.*) This decision was based on 8 C.F.R. § 316.10(c)(1) which states

1

"[a]n application will not be approved until after the probation, parole, or suspended sentence has been completed." His probation ended 11 days after the denial. (*Id.*)

On February 18, 2020, Plaintiff filed a second naturalization application. (*Id.* at ¶ 3.) On April 7, 2021, USCIS interviewed him a second time. (*Id.* at ¶ 4.) On July 23, 2021, USCIS sent Plaintiff a notice of continuance requesting more information, and Plaintiff timely replied on October 15, 2021. (*Id.* at ¶ 5.) It has been over a year since Plaintiff's interview, and USCIS has not rendered a decision.

On December 21, 2021, Plaintiff commenced the instant action. He seeks an order from this Court granting his naturalization application, as well as reasonable attorney's fees. (Compl. [Doc. No. 1] at ¶ 27–30.) Alternatively, he requests that the Court issue an order compelling the Government to adjudicate his application for naturalization within 60 days of the order. (*Id.* at ¶ 29.)

The Government moves to remand the action to USCIS for a decision within 14 days, pursuant to 8 U.S.C. § 1447(b). (Mot. to Remand [Doc. No. 6].) It argues that remand is appropriate because it will "permit the agency [to] fulfill its statutory duty and use its administrative expertise to reach a determination on Plaintiff's eligibility for naturalization in the first instance." (Gov't's Supp. Mem [Doc. No. 8] at 2.)

Plaintiff opposes the Government's motion, and argues that the Court should grant Plaintiff's naturalization application, or remand with specific instructions to USCIS to grant his application. (Pl.'s Opp'n Mem. [Doc. No. 17].) Plaintiff contends that the Court is qualified to review his naturalization application, and that remand is inappropriate in a case with such significant delays. (*Id.* at 8–11.)

2

## II. DISCUSSION

### A. The Law

Through the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, "Congress handed jurisdiction over naturalization applications to the Attorney General," who, in turn, designates "employees of USCIS to process the applications." *Haroun v. U.S. Dept. of Homeland Sec.*, 929 F.3d 1007, 1009–10 (8th Cir. 2019) (citing 8 U.S.C. § 1421(a) (1990)). "If a naturalization application is denied or delayed, the applicant may seek judicial review within a federal district court." *Adesida v. Tritten*, 535 F. Supp.3d 857, 859 (D. Minn. 2021) (citing 8 U.S.C. §§ 1421(c), 1447(a)-(b)).

As relevant here, "[i]f there is a failure to make a determination" on a naturalization application within 120 days after the applicant's interview, "the applicant may apply to the United States district court . . . for a hearing on the matter." 8 U.S.C. § 1447(b). The district court "has jurisdiction over the matter and may either determine the matter or remand the matter" to USCIS for determination. *Id.; see Haroun*, 929 F.3d at 1010.

### B. Analysis

Because more than 120 days have passed since USCIS interviewed Plaintiff, this Court has jurisdiction to consider his petition, and may either "determine the matter or remand the matter" to USCIS. 8 U.S.C. § 1447(b); *see Manzoor v. Chertoff*, 472 F. Supp.2d 801, 808 (E.D. Va. 2007). The Court acknowledges and empathizes with Plaintiff's frustration with the delay in the adjudication of his application, but for the reasons outlined below, the Court determines the latter option is appropriate in this case.

Adjudicating Plaintiff's application in the first instance "requires expertise that this Court does not possess." *Morral v. Gonzales*, No. 07-cr-2736 (RHK/JSM), 2007 WL 4233069, at *2 (D. Minn. Nov. 28, 2007) (citing *El-Daour v. Chertoff*, 417 F.Supp.2d 679, 680 (W.D.Pa.2005)). Meanwhile, "USCIS has extensive knowledge and experience in evaluating the merits of a naturalization application," *Khan v. Gonzales*, 8:07CV29, 2007 WL 2108918, at *2 (D. Neb. July 18, 2007), and has already devoted a considerable amount of time and resources into investigating Plaintiff's application. At this point it "is better suited than this Court to adjudicate the merits of [Plaintiff]'s application." *Elmi v. Tritten*, No. 17-cv-4762 (PJS/FLN), 2018 WL 1701929 at *2 (D. Minn. Apr. 6, 2018).

Although Plaintiff argues that the length of the delay in his application weighs against remand, particularly when he may be required to endure a lengthy appeals process, other district courts have remanded cases with similar or lengthier delays. *See id.* (remanding to USCIS where application had been pending for over a year after USCIS interview); *Karrar v. Frazier*, No. 07-cv-1853, 2007 WL 3023327, at *7 (D. Minn. Oct. 12, 2007) (remanding to USCIS where application had been pending for nearly three years after USCIS interview); *Manzoor*, 472 F.Supp.2d at 810 (same); *Morral*, 2007 WL 4233069, at *2 (remanding to USCIS where application had been pending for eighteen months after USCIS interview).

Thus, the Court will remand the matter to USCIS with instructions to issue a decision on Plaintiff's application within fourteen days pursuant to 8 U.S.C. § 1447(b). In doing so, the Court's decision is consistent with the results reached by the majority of courts that have considered cases arising under analogous circumstances. *Manzoor*, 472 F.

Supp. 2d at 810 ("Importantly, however, the vast majority of courts that have exercised jurisdiction over a case pursuant to § 1447(b) have remanded the matter back to [USCIS] with appropriate instructions, rather than determine the matter."). Should USCIS deny Plaintiff's application, he may "seek judicial review of the decision after exhausting administrative remedies." *Elmi*, 2018 WL 1701929 at 2 (citing 8 U.S.C. § 1447(a); 8 C.F.R. § 310.5).

### III.   CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1. Defendant's Motion to Remand [Doc. No. 6] is **GRANTED**; and Plaintiff's request for relief is **GRANTED IN PART** as follows:

    a. Pursuant to 8 U.S.C. § 1447(b), this matter is REMANDED to United States Citizenship and Immigration Services (USCIS) for a decision on the Form N-400 Application for Naturalization submitted by Plaintiff; and

    b. USCIS shall issue its decision on Plaintiff's N-400 Application within 14 days of this order; and

    c. Upon completion of the adjudication, USCIS shall promptly inform this Court and the Plaintiff of its decision.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

6

Dated: May 23, 2022                                    s/Susan Richard Nelson
                                                       SUSAN RICHARD NELSON
                                                       United States District Judge